*In re* SWENK, Bankrupt.

(*Circuit Court, W. D. Pennsylvania.* November 16, 1881.)

1. EQUITABLE RELIEF—JUDGMENTS—APPEALS—FRAUD.

In January, 1876, Thomas Swenk gave to one Dougal a warrant to confess judgment against him, and on the thirteenth of March, 1877, a like warrant was given to one Baker, and in pursuance of these warrants judgments were confessed and entered in April, 1877. Proceedings in bankruptcy were commenced on the seventeenth of May, 1877. By order of the district court the real estate of the bankrupt was sold discharged of liens, the proceeds of sale being substituted for the land as security for the liens upon it. The appellees applied to the court for, and obtained, an order directing the payment of their judgments out of the funds produced by the sale. The assignee opposed this application upon the ground that the judgments were fraudulent preferences under the bankrupt act. *Held,* that an appeal will not lie to such order. The judgments being apparently valid, the only mode of contesting and avoiding them is by complaint in equity, and a decree which might be the subject of appeal to either the circuit or supreme court; that where the warrants upon which the judgments were confessed were executed and delivered more than two months before the petition in bankruptcy was filed, it was beyond the power of the court to avoid the judgments on the ground of constructive fraud.

Appeals by W. A. Heinen, assignee, from the orders of the district court directing the payment of judgments of Baker and Dougal, out of

the proceeds of the sale of the real estate of the bankrupt, upon which they were liens.

John McCleery and Samuel Linn, for appellant.

Joshua Cromley and J. O. Parsons, for appellees.

McKennan, C. J. It is urged by the counsel of the appellees that this court ought not to take cognizance of these cases, because the order of the district court is not subject to appeal, and I cannot say that the objection is without force.

By the order of the bankruptcy court the real estate of the bankrupt was sold discharged of liens, and, of course, the proceeds of the sale were substituted for the land, as security for the liens upon it. The appellees held judgments against the bankrupt which were apparently liens upon the real estate sold, and therefore applied to the court for an order directing the payment of their judgments out of the fund produced by the sale. The assignee opposed this application upon the ground that the judgments of the appellees were fraudulent preferences under the bankrupt act, but notwithstanding his objection the court made the orders prayed for; and it is from these orders that these appeals have been taken.

Although the subject-matter of the objection is within the jurisdiction of the court, yet the method of asserting it was inappropriate and unwarranted. It had nothing of the formal character of a suit in equity, by which alone the objection could be effectively urged. The judgments were apparently valid, and the only mode of contesting this and of avoiding them is by a complaint in equity and a decree, which might be the subject of appeal to either the circuit or the supreme court. From the result of any other form of proceeding or adjudication no appeal is provided by any clause of the bankrupt act. I might, therefore, decline to consider the merits of the contest, which have been very fully discussed by counsel. But I think the orders of the district court were properly made, even considering the grounds of objection set up by the assignee. In January, 1876, the bankrupt gave to Dougal a warrant to confess judgment against him, and on the thirteenth of March, 1877, a like warrant was given to Baker; and, in pursuance of these warrants, judgments were confessed and entered in April, 1877. The proceeding in bankruptcy was commenced on the seventeenth of May, 1877. Although, then, the judgments were entered within two months before the commencement of proceedings in bankruptcy, yet it has been held, and is now the well-settled law, that the warrants upon which the judgments were confessed must be given within the two months fixed by the bankrupt

law to render such judgments questionable as fraudulent preferences. In both cases here the warrants were executed and delivered more than two months before the petition in bankruptcy was filed, and hence it was beyond the power of the court to avoid the judgments on the ground of constructive fraud. The court below, therefore, properly recognized the validity of the judgments of the appellees, and made the orders prayed for.

Appeals dismissed at costs of appellant.